**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Earl M. Hasbrouck, et al., | No. CV-20-08112-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Yavapai County, et al., | |
| Defendants. | |

The Court has reviewed Plaintiffs' "notice of intent," which is functionally a motion for a 30-day stay so that Plaintiffs can attempt to prepare and file a motion for leave to file an amended complaint that complies with LRCiv 15.1. (Doc. 31.)[1]

The Court "has an interest in managing judicial resources by preventing inactive cases from remaining indefinitely on its docket," *United States v. Grantham*, 2018 WL 3239938, *2 (S.D. Cal. 2018), and therefore the parties must demonstrate that other factors outweigh this interest to prevail in seeking a stay.

The Court is sympathetic to Plaintiffs' circumstances and acknowledges the technological challenges addressed in their notice. Staying the case at this juncture would not promote "the just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, but there is another solution that will be even more helpful to Plaintiffs than a stay. Rather than staying this action and then waiting for full briefing on a separate motion for leave to amend the complaint, the Court will consider whether leave to amend

---

[1] Plaintiffs have been attempting to do so since mid-August 2020. (*See* Docs. 13, 15, 17, 22, 29.)

should be granted in the context of resolving the pending motions to dismiss. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (request for leave to amend can be considered without a properly filed motion to amend, in the context of resolving a motion to dismiss). This will save Plaintiffs the trouble of attempting to recreate a proposed first amended complaint in a format that adheres to the notice requirement in LRCiv 15.1, and it will conserve the resources of all parties to this litigation by dispensing with full briefing of a separate motion for leave to amend.

If the motions to dismiss are denied, amendment of the complaint will not be necessary. If the motions to dismiss are granted, the dismissal order will address whether leave to amend should be granted. "The standard for granting leave to amend is generous," and leave to amend will be granted "if the complaint can be saved by amendment." *Balistreri*, 901 F.2d at 701. If leave to amend is granted, Plaintiffs will have the benefit of the Court's reasoning, which could aid Plaintiffs in crafting a viable complaint.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to stay this litigation to allow Plaintiffs additional time to file a rule-compliant motion for leave to amend (Doc. 31) is **denied**.

**IT IS FURTHER ORDERED** that the Court will construe Plaintiffs' recent filings as a request for leave to amend in the event that the dismissal motions are granted and will rule on the pending motions in due course. **Plaintiffs do not need to submit a renewed motion for leave to amend or a "redlined" proposed first amended complaint.** If the complaint is found to be defective and amendment can save it, leave will be granted.

Dated this 28th day of October, 2020.

_____
Dominic W. Lanza
United States District Judge